Jefferson R. Bender and Roberta F. Bender v. Commissioner. Estate of Jefferson Bender, Deceased, Lillian Bender et al., Executors, and Lillian Bender, Surviving Wife v. Commissioner.
Bender v. Commissioner
Docket Nos. 3138-65, 3139-65.
United States Tax Court
T.C. Memo 1967-26; 1967 Tax Ct. Memo LEXIS 235; 26 T.C.M. (CCH) 144; T.C.M. (RIA) 67026; February 14, 1967
David Burstein, for the petitioners. Robert B. Dugan, for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in the income tax of petitioners as follows: Petitioner
Year
Deficiency
Jefferson R. and Roberta F.
Bender, Dt. No. 3138-65
1959
$ 5,901.55
Estate of Jefferson Bender, De-
ceased, etc., Dt. No. 3139-65
1959
19,640.14
The deficiencies resulted from respondent's disallowance, for the taxable year ended November 30, 1959, of a bad debt deduction to Jefferson Leather Co., Inc. a "Small Business Corporation" which had elected to be free of Federal income taxes and to have *237 its undistributed taxable income taxed to its shareholders pursuant to sections 1372-1374 of the 1954 Code. Jefferson R. Bender, together with his parents Jefferson and Lillian Bender, owned all of Jefferson Leather Co.'s outstanding stock on November 30, 1959, and the effect of respondent's disallowance of the bad debt deduction was to increase their share of Jefferson Leather's undistributed taxable income for its taxable year ended November 30, 1959, and thus increase the amount of income required to be reported in their returns for 1959. The sole question raised here is whether the open account indebtedness owed to Jefferson Leather by the Royce Shoe Corporation gave rise to a wholly or partially worthless debt deduction on November 30, 1959. Findings of Fact The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners in Docket No. 3138-65, Jefferson R. and Roberta F. Bender, husband and wife, filed their joint Federal income tax return for 1959 with the district director of internal revenue at Boston, Massachusetts. Petitioners in Docket No. 3139-65 are the Estate of Jefferson Bender, Lillian Bender et al. *238 , Executors, and Lillian Bender, Surviving Wife. Decedent Jefferson Bender and Lillian Bender, the parents of Jefferson R. Bender, filed their joint Federal income tax return for the taxable year 1959 with the district director at Boston. Jefferson Leather Co., Inc., 117 Beach Street, Boston, Massachusetts, was incorporated in 1947, and engaged in the business of selling leather, principally to shoe manufacturing companies. As of the end of its taxable year on November 30, 1959, its outstanding stock was held as follows: Number of
Name
Shares
Jefferson R. Bender
75
Jefferson Bender
50
Lillian Bender
125
For the taxable year ended November 30, 1959, Jefferson Leather Co., Inc. (hereinafter sometimes referred to as Jefferson Leather), being qualified as a "Small Business Corporation" under section 1371, elected to forego payment of corporate tax and have its entire undistributed taxable income taxed directly to its shareholders. As a so-called "Subchapter S" corporation, Jefferson Leather filed a special information return (Form 1120-S) for its taxable year ended November 30, 1959, on February 3, 1960. On March 10, 1960, Jefferson Leather submitted an amended *239 return for the same taxable period. A statement attached to the amended return read, in part, as follows: This return has been amended to give effect to the worthlessness of $44,844.18 - an account receivable due from Royce Shoe Corporation. * * * The balance sheet of the Royce Shoe Corporation, attachment by creditors and impending bankruptcy were some of the factors indicating that the Receivable would not be collected. Jefferson Leather, as of the close of its taxable year ended November 30, 1959, used the specific charge-off method of deducting bad debts. Jefferson Leather had carried on business with Royce Shoe Corp. (hereinafter sometimes referred to as Royce Shoe) of Newmarket, New Hampshire since 1949, making shipments on the basis of payment within 30 days. The last shipment to Royce Shoe, in the amount of $2,158.52, was made on November 4, 1959. On that date, Royce Shoe was indebted to Jefferson Leather as follows: Due Less Than
Due Less Than
Due More Than
30 Days
60 Days
60 Days
$2,919.17
$19,721.58
$31,325.07 The balance due from Royce Shoe Corporation on November 30, 1959, the last day of Jefferson Leather's taxable year, was $53,965.83. *240 Royce Shoe made its last voluntary payment to Jefferson Leather on December 4, 1959, in the amount of $9,121.65. It filed a voluntary petition in bankruptcy on or about February 25, 1960, at a time when it still owed Jefferson Leather $44,844.18. It was this latter amount that was claimed as a bad debt deduction in Jefferson Leather's amended return for the taxable year ended November 30, 1959. Jefferson Leather customarily borrowed from The First National Bank of Boston and was indebted in a substantial amount to this bank at the time of the close of its fiscal year and for some time thereafter. Financial statements prepared by Starr, Finer, Starr & Company, its independent public accountants, were sent to the bank as part of this arrangement. It sent such a statement to the bank in February 1960 in respect of its year ended November 30, 1959. On March 5, 1960, a few days after Royce Shoe had filed its petition in bankruptcy, Jefferson Leather sent to the bank a so-called corrected report for its fiscal year ending November 30, 1959. This report differed from the earlier report only in that there was eliminated from accounts receivable the sum of $44,844.18 due from Royce Shoe *241 Corporation, with resulting changes in the balance sheet and income statement. Starr, Finer, Starr & Company also prepared the following adjusting entry in March 1960 to reflect the write-off of the Royce Shoe account as uncollectible: Surplus
$44,844.18
Accounts Receivable
$44,844.18
To record loss on Royce
Shoe Corp. acct. uncol-
lectible but not consid-
ered at closing
Dividends Payable
44,844.18
Surplus
44,844.18
This entry was sent to the corporation's bookkeeper for entry in the general journal under the date of December 31, 1959. Later in 1960, Jefferson Leather received $4,377.08 on the Royce Shoe Corporation indebtedness, which represented its first and only dividend in the bankruptcy proceedings. Opinion RAUM, Judge: Section 166(a) of the Internal Revenue Code of 1954 authorizes the deduction of business bad debts in two situations: SEC. 166. BAD DEBTS. (a) General Rule. - (1) Wholly Worthless Debts. - There shall be allowed as a deduction any debt which becomes worthless within the taxable year. (2) Partially *242 Worthless Debts. - When satisfied that a debt is recoverable only in part, the Secretary or his delegate may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. Petitioners contend that Jefferson Leather was entitled to a deduction of $44,844.18 as a wholly worthless debt for its taxable year ended November 30, 1959, or, in the alternative, to a partial bad debt deduction of $40,467.10 (the difference between $44,844.18 and the $4,377.08 dividend received in the bankruptcy proceedings). We agree with the Government that petitioners have failed to prove that the Royce Shoe debt became worthless either in whole or in part during the fiscal year ended November 30, 1959, or that any part of the debt was "charged off within the taxable year." The record discloses that Jefferson Leather was still shipping merchandise to Royce Shoe as late as November 4, 1959, and that Royce Shoe, on December 4, 1959, after the close of the fiscal year in question, made a payment of $9,121.65 on its running account with Jefferson Leather. No evidence was presented to show the financial condition of Royce Shoe as of November 30, 1959, and, indeed, *243 the return filed by Jefferson Leather on February 3, 1960 for its fiscal year ended November 30, 1959, made no claim of a bad debt deduction in respect of the Royce Shoe obligation. It was only on March 10, 1960, after the voluntary petition in bankruptcy had been filed by Royce Shoe on February 25, 1960, that Jefferson Leather filed an amended return for its fiscal year ended November 30, 1959, claiming a bad debt deduction in respect of the Royce Shoe indebtedness. Similarly, it was only after such petition that Jefferson Leather sent a revised financial statement to its own creditor-bank eliminating the Royce Shoe account receivable as an asset. And when the firm of independent public accountants made an adjusting entry in March 1960 to write off the Royce Shoe account as uncollectible, they dated that entry as of December 31, 1959, a full month after the close of Jefferson Leather's fiscal year. On this state of the record, we cannot disturb the Commissioner's determination that the debt did not become worthless in the fiscal year ended November 30, 1959. [1] Certainly, petitioners have not carried their burden of proving that the debt became worthless in that year. Moreover, *244 the record affirmatively establishes that petitioners are not entitled to a $44,844.18 deduction under section 166(a)(1) for a "wholly worthless debt", and that if any deduction is allowable at all it must satisfy the more stringent requirements of section 166(a)(2) in respect of partially worthless debts. The record plainly shows that the Royce Shoe debt amounted to $53,965.83 on November 30, 1959, and that Royce Shoe paid $9,121.65 on account on December 4, 1959, leaving the net amount of $44,844.18 then owing which petitioners claim to be a "wholly worthless debt" on November 30, 1959. This bare recital of the facts alone establishes that the claimed $44,844.18 deduction can be allowed only, if at all, as a "partially worthless debt". Not only must petitioners prove worthlessness in respect of a partially worthless debt - a burden which we found above was not carried as to this net obligation of $44,844.18 as of November 30, 1957 -, *245 but under section 166(a)(2) the Secretary or his delegate must "be satisfied" that the debt is recoverable only in part, and even then the statute does not command him to allow the deduction, since it says merely that he "may" do so. This clearly implies a certain amount of discretion on the part of the Commissioner, the exercise of which should not be disturbed unless his decision is "plainly arbitrary or unreasonable", clearly not this case. H. W. Findley, 25 T.C. 311, 318, affirmed 236 F. 2d 959 (C.A. 3). Moreover, the Commissioner cannot allow a partial bad debt deduction in an amount which exceeds the part charged off by the taxpayer within the taxable year of claimed worthlessness. While it has been held that a write-off physically made shortly after the taxable year may nevertheless be considered made "within the taxable year" if it is dated as of the last day of the taxable year, cf. Mason Machine Works Co., 3 B.T.A. 745, 750, the writeoff in this case was made not only four months after Jefferson Leather's fiscal year had closed, but was dated as of a month after the end of its fiscal year. In these circumstances, no part of the *246 Royce Shoe indebtedness was "charged off" during the fiscal year ended November 30, 1959, and consequently no deduction for a partially worthless debt can be allowed for that year. Cf. Coon Valley State Bank, 13 B.T.A. 132, 137-138. See also 5 Mertens, Law of Federal Income Taxation (1963), Sections 30.18, 30.20. What we have just said in respect of the failure of the claimed $44,844.18 deduction to qualify as a partially worthless debt for the fiscal year ended November 30, 1959 is equally applicable to petitioners' alternative contention that Jefferson Leather was entitled to a partially worthless debt deduction in the amount of $40,467.10 for that year. Not only was there a failure to establish worthlessness in that amount by the end of that year, but the other considerations discussed above equally support the disallowance of a deduction in this amount or any other amount for the year ended November 30, 1959. Decisions will be entered for the respondent. Footnotes
1. The record shows that he allowed a deduction in respect of this debt for the fiscal year ended November 30, 1960, and petitioners have been given the advantage thereof either for that year or for an earlier year by means of a carryback.↩